

1

2  LARA M ZANZUCCHI
   CREDITOR of BK Case No. 24-24383
3
4  2521 Leslie Ave
   Martinez, CA 94553
5  (415) 706-2082
   lara.zanzucchi@gmail.com
6
7  Pro Per Plaintiff on behalf of Self and Other
   Aggrieved Parties in the BK Case of COLTON PAULHUS;
8  CEO and Co-Founder of ANCHORED TINY HOMES, INC.

**AMENDED**

**FILED**
JAN 21 2025
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

9
10
11              UNITED STATES BANKRUPCY COURT
                EASTERN DISTRICT OF CALIFORNIA
12                   COUNTY OF SACRAMENTO

13                                                   25-2010

14
     LARA M ZANZUCCHI, on behalf of herself    BK Case No.: 24-24383
15   and all aggrieved parties therein         Chapter 7

16                  Plaintiff,                 MOTION for

17                                             ADVERSIAL PROCEEDING by WAY for
18              vs.                            COMPLAINT UNDER 11 U.S.C (§ 532)

19                                                         and

20   COLTON PAULHUS, Debtor
     P.O. Box 15017                            EXTENDING TIME FOR CREDITOR(S) to
21   Tumwater, WA 98511                        FILE AN OBJECTION 11 U.S.C (§ 108)

22   ~~ATTORNEY MARK A WOLFF, Esq~~            Place: Robert T. Matsui U. S. Courthouse
23   ~~8861 Williamson Dr, #30~~                      501 I Street, 6th Floor
     ~~Elk Grove, CA 95624-7920~~                     Sacramento, CA 95814
24                                             Dept.: B
                                               Courtroom: 32
25   ATTORNEY STEPHEN REYNOLDS, Esq
     Reynolds Law Corporation
26   P.O. Box 73379                            Judge: Honorable Christopher D. Jaime
     Davis, CA 95617
27                                             Date Complaint Filed: January 16, 2025

28              Defendant

---

MOTION FOR ORDER TO __ NOTICE OF MOTION and MOTION FOR ADVERSIAL
PROCEEDING by WAY for COMPLIANT UNDER 11 U.S.C (§ 532)

1

ADVERSIAL PROCEEDING by WAY for COMPLAINT UNDER 11 U.S.C (§ 532)

I. JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

II. PARTIES

4. Plaintiff, LARA M ZANZUCCHI, is a creditor in this bankruptcy case and resides or conducts business at 2521 Leslie Ave, Martinez, CA 94553.

5. Defendant, COLTON PAULHUS, is the debtor in the underlying Chapter 7 bankruptcy case, residing or conducting business at P.O. Box 15017 Tumwater, WA 98511.

III. BACKGROUND FACTS

6. On or about October 11, 2024, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with this court.

7. Defendant states he is Co-Founder and CEO for Anchored Tiny Homes INC which operated in the state of California with offices in Fair Oaks located at 4401 Hazel Ave #225. The company operated from November 2019 to July 31, 2024, before abruptly closing.

8. Anchored Tine Homes INC reported to build Accessory Dwelling Units (ADUs) also known as in-law or granny flats for consumers within the state of California. During the life of the company, Anchored Tiny Homes Inc had acquired at least 900 contracts for the building of ADUs. Under oath COLTON PAULHUS states that ATH completed no more than 100-120 homes in total.

9. Beginning sometime in 2023, ATH began selling their business as franchises across at least 28 states.

10. COLTON PAULHUS states that ATH Inc acquired high-yield loans to launch their expansion into the franchise market. COLTON PAULHUS also states that these high-yield loans were needed to run previous and current operating expenses, including the completion of active consumer projects.

11. Despite not having the funding to run overhead, ATH Inc continued to sign consumers into contracts for ADUs. At some point, ATH Inc began soliciting full funding from consumers prior to permitting in several cases. This apparently was to acquire money to complete active projects. Soliciting for and receiving full funding for a residential construction is a violation of CA Business and Professions Code [B.P.C § 7159.5 (a)(3)]. Collecting new investments to pay for old raises fundamental questions about financial motivations and material outcomes.

12. ATH Inc continued to solicit full funding and new contracts until the final week of operation approximately July 27th of 2024 [EXHIBIT E].

13. Plaintiff is a creditor in this case having signed a contract with ATH Inc to build a 280 sq ft ADU at 2521 Leslie Ave, Martinez, CA 94553 for a purchase price of $134,415.00 on November 28th 2022 [EXHIBIT A].

MOTION FOR ORDER TO __ NOTICE OF MOTION and MOTION FOR ADVERSIAL PROCEEDING by WAY for COMPLIANT UNDER 11 U.S.C (§ 532)

3

14. Plaintiff paid ATH Inc a total of $39,913.26 from November 28th 2022 to July 31, 2024. The last payment of $17,716.94 made for "materials" constituted a "3rd and 4th payment" according to invoicing. Plaintiff submitted this payment in full on June 18th, 2024 [EXHIBIT B].

15. Plaintiff has never received any materials nor any future correspondence.

16. Plaintiff submitted a demand letter on July 31, 2024, requesting a construction date and in person meeting. Plaintiff immediately received a notification from google which stated that the "recipients have blocked your address" [EXHIBIT C]. On this day ATH Inc Officers were seen fleeing their offices then located at 4401 Hazel Ave #225, Fair Oaks, CA 95628. The day prior, July 30th, Defendant COLTON PAULHUS issued an e-mail vaguely stating to all active customers that funding will be secured.

17. The total amount owed by Defendant to Plaintiff is no less than $39,913.26 per material breach of contract as evidenced by 1) failure to deliver materials, 2) failure to adhere to timelines and pay schedules, and via 3) the submission of knowingly fraudulent invoices [EXHIBITS A & B]. Several areas of concern arise in the Plaintiff's case which the court should consider prior to dissolving or discharging any debt owed to the Plaintiff and to and other creditors of Anchored Tiny Homes Inc, *in general*, and COLTON PAULHUS *in particular*.

18. COLTON PAULHUS cannot claim for the purposes of his personal bankruptcy case that he is not associated with company debt. This is the case for several reasons. COLTON PAULHUS admitted under oath during § 341(a) hearings to draws totaling at least $1.9 million over the course of the company for personal business, including but not limited to 1) home renovations on his and other Officer's personal residence, 2) extensive vacations including a payment directly from ATH Inc to a luxury hotel, The Grand Wailea (www.grandwailea.com/resort), for $28,000 during the month of

August 2023, 3) the purchase of vehicles for his personal use including a 2023 Bentley and so forth. In addition, COLTON PAULHUS admits to spending at least $300,000 per year on a podcast, Visionaries Table, whose topics mostly consisted of COLTON PAULHUS as a professed Christian, entrepreneur, underdog, and fitness influencer. In several of these podcasts COLTON PAULHUS states that he intends to be a billionaire. As the result of such significant self-dealing, COLTON PAULHUS cannot assert with any credibility to this court that creditors of ATH Inc have no valid claim on his personal bankruptcy.

## IV. CLAIMS FOR RELIEF

The courts have found that a defendant loses the ability to discharge a debt if such debt was accrued as the result of fraudulent conduct see 11 U.S.C. § 727; Fed. R. Bankr. P. 4005. In this insistent case, as with all ATH Inc creditors, the Plaintiff asks the court to object to any discharge of debt owed. The Plaintiff also seeks this court to make a determination on the potential fraudulent conduct described therein and make recommendations for criminal investigation as deemed necessary. Plaintiff asserts that the debt is nondischargeable pursuant to Chapter 11 U.S.C. § 523(a)(2)(4) and (6).

COUNT I: FRAUD (11 U.S.C. § 523(a)(2))

21. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein.
22. Defendant obtained money, property, or services from Plaintiff by false pretenses, false representations, or actual fraud, as follows: Selling a product he knowingly could not produce,

misrepresenting invoices, and omitting from consumers the actual financial status of the company i.e. that it was essentially non-operational, not paying bills, and operating ostensibly on high-yield loans.

23. Defendant knew or should have known that the representations made to Plaintiff were false and made them with the intent to deceive Plaintiff into making payments for a service that could not reasonably be rendered.

24. Plaintiff relied in good faith on Defendant's misrepresentations resulting in damages in the amount of $39,913.26. Plaintiffs' misrepresentations additionally resulted in at least $6 million in reported losses by homeowners, subcontractors, vendors, direct employees, and franchisee owners. Additional losses were accrued by the several banks and financial institutions who received balancing sheets with misrepresentation of the companies profitably and position for growth per statements attested to under oath [EXHIBIT D].

25. In addition, this Plaintiff and many others were recipients of the CALFHA ADU grant totaling $40,000. It is suspected that consumers were targeted based on their receipt of this loan as it is designed to cover "pre-development costs." As stated above, ATH Inc had a pattern of collecting large amounts upfront and prior to any permitting or construction. If this funding was targeted by ATH Inc, Plaintiff is concerned this would constitute theft of public funds as outlined in CA Penal Code C. P. C. § 424.

COUNT II: EMBEZZLEMENT OR LARCENY (11 U.S.C. § 523(a)(4))

25. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

26. Defendant, while acting in a fiduciary capacity, embezzled or misappropriated funds belonging to

Plaintiff as described above in paragraph 18 via excessive draws and other activity.

COUNT III: WILLFUL AND MALICIOUS INJURY (11 U.S.C. § 523(a)(6))

27. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

28. Defendant's actions were willful and malicious, causing Plaintiff to suffer harm in the amount of at least $39.913.26 in financial damages made as payments to ATH Inc. Additional damages include time off work, legal and court fees, and significant emotional stress. Plaintiff has been paying a second mortgage on a pile of dirt since November 28, 2022. May others have experienced similar circumstances and in some cases 1) excessive liens on their property, 2) forecloses of their primary residence, 3) the need to work 2 or 3 jobs, push off retirement, or take out additional loans to recover, 4) the complete closure of their business, and/or 4) an inability to house ailing, elderly, or infirmed relatives. In other cases, the emotional impact of being defrauded out of tens of thousands or hundreds of thousands of dollars has led to suicidal ideation. And in each case a familiar fact pattern emerges.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

29. Determine that the debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. § 532 (a)(2), (4), and (6) for this Plaintiff and all other aggravated parties defrauded by defendant.

30. Award Plaintiff damages in the amount of $39,913.26 plus interest, costs, and attorneys' fees as

allowed by law.

31. Determine that debt owed by Defendant to all other aggrieved parties who accrued financial and emotional injury as the result of the actions of the Debtor acting as CEO and Co-founder of ANCHORED TINY HOMES Inc. are otherwise granted the joint relief of nondischargeable under 11 U.S.C. § 532 (a)(2), (4), and (6).

32. Grant such other and further relief as the Court deems just and proper.

EXTENDING TIME FOR CREDITOR(S) to FILE AN OBJECTION 11 U.S.C § 108

I. JURISDICTION AND VENUE

33. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

34. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2).

35. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

II. PARTIES

36. Plaintiff, LARA M ZANZUCCHI, is a creditor in this bankruptcy case and resides or conducts business at 2521 Leslie Ave, Martinez, CA 94553.

37. Defendant, COLTON PAULHUS, is the debtor in the underlying Chapter 7 bankruptcy case,

1 residing or conducting business at P.O Box 15017 Tumwater, WA 98511.

38. The class of creditors in this case is large due to the Debtors extensive sale of ADUs which were not completed, the amount of employees and subcontractors that did not get paid, and the franchisee owners who were left without a company.

39. Given the following factors, this motion seeks to group all creditors of COLTON PAULHUS and ANCHORED TINY HOMES INC into a single class for the sole purpose for joint relief both as described above and to extension(s) to any objection date to no prior then 30 days after the conclusion of the § 341(a) hearing. It should be noted that the § 341(a) process is currently ongoing given the scope and complexity of the case and due to the Defendants incomplete and untimely filing of requested documents.

40. The factors to be considered for such an extension are 1) the fact pattern is nearly identical in each case in which COLTON PAULHUS and ANCHORED TINY HOMES INC are debtors, 2) each case contains similar questions and elements of fraud, and 3) the size of the party of creditors, no fewer than 400, and possibly as many or more as 1000, makes individual petitions both challenging and costly for creditors and the court alike. Moreover, the insistent petitioner has legal standing in this case as an individual creditor. As an acting admin of a social media group which seeks to support victims of ATH Inc, Plaintiff has drafted and filed this motion at the general behest of 1,125 group members, the majority of which are named creditors in this case [EXHIBIT F].

EXHIBIT LIST

The following EXHIBITS have been attached for review of this court in order to evaluate the merit of this motion:

EXHIBIT A: Plaintiff contract with ATH Inc dated November 28th, 2022 (11 pages)
EXHIBIT B: Copies of invoices from Plaintiff to ATH Inc (12 pages)
EXHIBIT C: Email Communications including blocked notification per Google (19 pages)
EXHIBIT D: Non-exhaustive spreadsheet of self-reported losses compiled via a private social media group dedicated to helping victims particular to ATH Inc. and Defendant (4 pages)
EXHIBIT E: Sampling of paid invoices Defendant acting as CEO of ATH Inc sent to active customers in the final months of operation (14 pages)
EXHIBIT F: List of known creditors as reported by Defendant's brother, AUSTIN PAULHUS, in his current bankruptcy case. The list is non-exhaustive (87)

The undersigned attests that all statements therein are true and accurate, and all documents/exhibits provided are unaltered in any way.

Respectfully submitted the 16th of January 2025,

*[signature]*

LARA M ZANZUCCHI
2521 Leslie Ave,
Martinez, CA 94553
(415) 706-2082
lara.zanzucchi@gmail.com

Pro Per Plaintiff on behalf of herself and all other
Aggrieved Parties Defrauded by the Defendant, COLTON PAULHUS
And ANCHORED TINY HOMES INC

MOTION FOR ORDER TO __ NOTICE OF MOTION and MOTION FOR ADVERSIAL
PROCEEDING by WAY for COMPLIANT UNDER 11 U.S.C (§ 532)
10

## CERTIFICATE OF SERVICE

I hereby certify that on January 16th, 2025, a true and correct copy of the foregoing Complaint was served via Certified US MAIL on the following parties:

COLTON PAULHUS, Debtor
P.O. Box 15017
Tumwater, WA 98511

~~ATTORNEY MARK A WOLFF, Esq~~
~~8861 Williamson Dr, #30~~
~~Elk Grove, CA 95624-7920~~

ATTORNEY STEPHEN REYNOLDS, Esq
Reynolds Law Corporation
P.O. Box 73379
Davis, CA 95617

*[signature]*
LARA M ZANZUCCHI