UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| LARA M. ZANZUCCHI, on behalf of herself And all aggrieved parties therein | BK Case No.: 24-24383 Chapter 7 |
| Plaintiff, vs. | ADVERSIAL PROCEEDING by WAY for COMPLAINT UNDER 11 U.S.C. (Section 532) |
| COLTON PAULHUS, Debtor P.O. Box 15017 Tumwater, WA 98511 | and EXTENDING TIME FOR CREDITOR(S) to FILE AN OBJECTION 11 U.S.C. (Sect. 108) |
| Defendant. | Place: Robert T. Matsui U.S. Courthouse 501 I Street, 6th Floor Sacramento, CA 95814 Dept: B Courtroom: 32 Judge: Honorable Christopher D. Jaime Date: Complaint Filed: January 16, 2025 |

COMES NOW, Defendant, COLTON PAULHUS, (hereinafter "this answering Defendant"), and answering the unverified Complaint on file herein for and on behalf of itself alone, answers Plaintiff's unverified Complaint as follows:

This answering Defendant generally denies each and every allegation of said unverified Complaint, and the whole thereof, and each and every allegation of each and every cause of action alleged therein, and further expressly denies that as a direct or proximate result of any acts or omissions on

1

the part of this answering Defendant, Plaintiff herein sustained or suffered injury or damage in the amount alleged in the unverified Complaint, or in any amount at all, or that Plaintiff has suffered injury or damage for any reason in the sums alleged in the unverified Complaint, or in any other sum or sums, or at all.

**GENERAL DENIAL**

Defendant deny, both generally and specifically, each and every allegation, matter or fact contained in Plaintiff's Complaint and the whole thereon, and further denies that Plaintiff have been injured or damaged in any sum whatsoever or is entitled to any relief in any form, whether legal or equitable, from Defendant.

**I. JURISDICTION AND VENUE**

1. Answering paragraph 1 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

2. Answering paragraph 2 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

3. Answering paragraph 3 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**II. PARTIES**

4. Answering paragraph 4 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

5. Answering paragraph 5 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**III. BACKGROUND FACTS**

6. Answering paragraph 6 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

7. Answering paragraph 7 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

8. Answering paragraph 8 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

9. Answering paragraph 9 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

10. Answering paragraph 10 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

11. Answering paragraph 11 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

12. Answering paragraph 12 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

13. Answering paragraph 13 of the Complaint, Defendant lacks information sufficient to form a

belief as to the facts alleged, and on that basis, Defendant denies them.

14. Answering paragraph 14 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

15. Answering paragraph 15 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

16. Answering paragraph 16 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

17. Answering paragraph 17 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

18. Answering paragraph 18 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**IV CLAIMS FOR RELIEF**

Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**COUNT I: FRAUD (U.S.C. SECTION 523(a)(2))**

21. Answering paragraph 21 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

22. Answering paragraph 22 of the Complaint, Defendant lacks information sufficient to form a

belief as to the facts alleged, and on that basis, Defendant denies them.

23. Answering paragraph 23 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

24. Answering paragraph 24 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

25. Answering paragraph 25 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**COUNT II: EMBEZZLEMENT OR LARCENY (11 U.S.C. SECTION 523(a)(4))**

25. Answering paragraph 25 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

26. Answering paragraph 26 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**COUNT III: WILLFUL AND MALICIOUS INJURY (11 U.S.C. SECTION 523 (a)(6))**

27. Answering paragraph 27 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**EXTENDING TIME FOR CREDITORS TO FILE AN OBJECTION (11 U.S.C. SECTION 108**

   I.      **JURISDICTION AND VENUE**

33. Answering paragraph 33 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

34. Answering paragraph 34 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

35. Answering paragraph 35 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

**II. PARTIES**

36. Answering paragraph 36 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

37. Answering paragraph 37 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

39. Answering paragraph 39 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

40. Answering paragraph 40 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

# AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Defendant is informed and believe and on that ground alleges that Plaintiff's Complaint is subject to the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

**(No Cause of Action)**

1. As a first, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that Plaintiff's unverified Complaint, in its entirety, nor any purported cause of action set forth therein, allege facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Offset)**

2. As a second, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that he has incurred damages by reason of Plaintiff's conduct and that he has the right of offset of any amount of monies owed to Plaintiff by way of damages.

## THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

3. As a third, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant is informed and believes, and on such information and belief, allege that Plaintiff engaged in conduct that constitutes waiver of rights. By reason of such waiver, this answering Defendant is excused from the performance of the obligation of the alleged contract.

## FOURTH AFFIRMATIVE DEFENSE

**(Estoppel, Unclean hands, Laches)**

4. As a fourth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant is informed and believes, and on such information and belief, allege that by reason of Plaintiff's conduct which constitutes a breach of contract, tortious conduct, waiver, unclean hands, and laches, Plaintiff is estopped to assert any right of relief.

## FIFTH AFFIRMATIVE DEFENSE

**(Breach of Contract)**

5. As a fifth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant is informed and believes, and on such information and belief, allege that Plaintiff breached the contract, if any, with Defendant and by reason of such breach of contract, this answering Defendant has been excused of any duty it may have had to perform any obligation set forth in any agreement with Plaintiff, if there be such an agreement.

## SIXTH AFFIRMATIVE DEFENSE

**(Release)**

6. As a sixth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant allege that Plaintiff's actions constituted a full release by Plaintiff of any and all claims which they may have had against this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

**(In Pari Delicto)**

7. As a seventh, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that Plaintiff herein, and each and every cause of action contained in the unverified Complaint, is barred because Plaintiff has engaged in acts and courses of conduct which render in pari delicto.

### EIGHTH AFFIRMATIVE DEFENSE

**(Equitable Estoppel)**

8. As an eighth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that Plaintiff herein, and each and every cause of action contained in the unverified Complaint, is barred by reason of acts, omissions, representations, and courses of conduct by Plaintiff, by which this answering Defendant was led to rely on to its detriment, thereby barring each and every cause of action under the Doctrine of Equitable Estoppel.

### NINTH AFFIRMATIVE DEFENSE

**(Full Performance)**

9. As a ninth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that its full performance of any agreement or act required of it, if there be such agreements or acts, fulfills all its duties and obligations to Plaintiff, if any there be, contractual, fiduciary, or other, and no other duty or obligation to Plaintiff remain on behalf of this answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

10. As a tenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that at all times material herein, Plaintiff failed and neglected to mitigate damages so as to reduce and/or diminish the claim.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Ratification of Acts)**

11. As an eleventh, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant allege that Plaintiff, by her acts, conduct and/or omissions, has ratified the acts, conduct and omissions, if any, of this answering Defendant; therefore, Plaintiff is barred from seeking any relief from this answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Reasonable Reliance)**

12. As a twelfth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that Plaintiff did not reasonably rely upon any alleged misrepresentations or nondisclosures of material facts made by this answering Defendant; therefore, Plaintiff is barred from seeking any affirmative relief against this answering Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

13. As a thirteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that Plaintiff's Complaint, and each purported cause of action and/or form of recovery contained therein, is barred to the extent that Plaintiff lacks standing

to assert any of the causes of action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any injury-in-fact or for which Plaintiff does not have a private right of action.

.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Consent)**

14. As a fourteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Complaint, Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

### FIFTEETH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

15. As a fifteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that Plaintiff failed to exhaust available administrative remedies and is therefore precluded from obtaining any relief under the alleged causes of action in the complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Good Faith)**

16. As a sixteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that all actions taken by Defendant with respect to Plaintiff, at all times relevant to this action, were taken in good faith for legitimate reasons.

**SEVENTEETH AFFIRMATIVE DEFENSE**

**(Offset)**

17. As a seventeenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that Defendant alleges that he has suffered damages by reason of Plaintiff's conduct, and Defendant has a right to offset its damages against the damages, if any, of Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Essential Lawful Part of Business Operations)**

18. As an eighteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because the alleged conduct, if true, would be an essential lawful part of Defendant's business operations and/or consistent with industry practice.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Severe Emotional Distress)**

19. As a nineteenth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges the alleged act of Defendant was not outrageous, intentional, or reckless, and Plaintiff did not suffer severe emotional distress as a result of Defendant's alleged acts.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Undue Burden)**

20. As a twentieth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges the accommodation(s) sought by Plaintiff for her alleged injuries would impose an undue hardship on Defendant in that such an accommodation would be burdensome and unduly affect the operations of the Company.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Third Parties)**

21. As a twenty-first, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because any injuries or damages allegedly sustained by Plaintiff was not the result of any acts, omissions or other conduct of Defendant. Further, any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Knowledge)**

22. As a twenty-second, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part and limited by its lack of actual or constructive knowledge. Plaintiff did not inform Defendant of any alleged failure to engage in the interactive process, retaliation, failure to prevent, or emotional distress, prior to filing a lawsuit. Plaintiff; therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time the Complaint was filed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Business Necessity)**

23. As a twenty-third, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges, any recovery on Plaintiff's Complaint is barred on the ground that every action taken with respect to Plaintiff was done out of business necessity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Causation)**

24. As a twenty-fourth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant allege that Defendant's conduct was not the cause in fact nor the proximate cause of any injury, loss, or damage alleged by Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Privilege/Justification)**

25. As a twenty-fifth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges the conduct of the Defendant was justified or privileged or both under the circumstances barring any recovery against Defendant.

## TWENTY-SIX AFFIRMATIVE DEFENSE

**(Conduct Of Others)**

26. As a twenty-sixth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges that should Plaintiff recover damages against Defendant,

said Defendant is entitled to have the amount abated, reduced or eliminated to the extent other third parties' fault caused or contributed to Plaintiff's damages, if any.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Intentional Acts Of Others)**

27. As a twenty-seventh, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges and contend that the sole and/or proximate cause of the damages claimed by Plaintiff was and is due to the willful and intentional acts of persons and/or entitles other than this answering Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Spoliation Of Evidence)**

28. As a twenty-eighth, separate, and affirmative defense to the unverified Complaint on file herein, this answering Defendant alleges and is informed and believe that Plaintiff and/or its agents failed to preserve and permitted the spoliation of material evidence. Such conduct bars recovery from Defendant and/or gives rise to liability for damages payable to this answering Defendant.

**TWENTY-NINETH AFFIRMATIVE DEFENSE**

**(Contribution)**

29. Should this Defendant be found liable to Plaintiff, which liability is expressly denied, Defendant is entitled to have any award against him abated reduced or eliminated to the extent that the negligence carelessness fault or defects caused by the remaining parties in this action or by other persons corporations or business entities contributed to Plaintiff's

damages if any.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Impossibility)

30. Defendant's alleged duties as claimed in the Complaint, if any so existed, have been excused by the doctrine of impossibility in that the performance of said obligation is and has been rendered impossible and/or commercially impracticable.

## THIRTY-ONE AFFIRMATIVE DEFENSE

### (Frustration)

31. The purpose of the alleged agreement has been frustrated as a matter of law.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by reason of its claims and that Defendant be hence dismissed, and for Defendant to be awarded costs of suit herein incurred.

Dated: _____
COLTON PAULHUS, Defendant in Pro Per.

## VERIFICATION

I, Colton Paulhus, hereby state that:

I am the Defendant named in the above-entitled action and make this Verification.

I have read the foregoing Answer to Plaintiff's Complaint and know the contents thereof, and the same is true of my own knowledge, except as to those matters, which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at _____, California, March___, 2025.

                                                    _____
                                                    Colton Paulhus/Declarant

CERTIFICATE OF SERVICE

I hereby certify that on March _____, 2025, I served a true and correct copy of the foregoing ANSWER TO PLAINTIFF'S COMPLAINT on the following parties, each of whom is entitled to service pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, by placing true copies thereof in sealed envelopes with first-class postage fully prepaid and depositing said envelopes in the United States Mail at _____, California:

Office of the United States Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Sheri Carello, Chapter 7 Trustee
P.O. Box 1934
Sacramento, CA 95812

Mark A. Wolff, Esq. (Counsel for Austin James Paulhus)
8861 Williamson Dr #30
Elk Grove, CA 95624-7920

Lara M. Zanzucchi
2521 Leslie Ave
Martinez, CA 94553

Stephen M. Reynolds, Esq. Reynolds Law Corporation (Counsel Colton Paulhus)
P.O. Box 73379
Davis, CA 95617

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March_____, 2025, at _____, California.

_____
Signature of server/

_____
Print name of server